**XIN FONG CHEN, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Michael B.**

**Mukasey,**[1] **Respondent.**

No. 07–2942–ag.

United States Court of Appeals,
Second Circuit.

Feb. 5, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Martin W. Chow, Jersey City, NJ, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; William C. Minick, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Xin Fong Chen, a citizen of the People's Republic of China, seeks review of a June 12, 2007 order of the BIA affirming the November 16, 2005 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xin Fong Chen,* No. A 77 774 675 (B.I.A. June 12, 2007), *aff'g* No. A 77 774 675 (Immig. Ct. N.Y. City Nov. 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ As an initial matter, Chen claimed in her asylum application that she feared persecution or torture in China based on her illegal departure. Although the IJ denied her applications for relief on this basis, Chen did not challenge this finding in her appeal to the BIA or in her brief to this Court. Accordingly, her claims for relief based on her illegal departure from China are deemed abandoned and we need not address them. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin*

*v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ We conclude that the agency's adverse credibility determination regarding Chen's claim of past persecution was supported by substantial evidence. The IJ properly based her adverse credibility determination on Chen's submission of a fabricated abortion certificate. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) (relying on the maxim *falsus in uno, falsus in omnibus* to find that once an IJ concludes that a document is false, he is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity"). The IJ properly found that the abortion certificate was fabricated where (1) the U.S. Consulate in China concluded that the certificate was fraudulent, and (2) Chen confirmed the document's falsity by testifying that such certificates are not issued in her region of China. The IJ also properly found that it was implausible that Chen claimed not to know that the consular letter existed, after a special hearing had been called for her to explain or rebut its findings.[2]

■ Accordingly, the agency's adverse credibility determination regarding Chen's claim of past persecution is supported by substantial evidence. *See id.* Because Chen was unable to demonstrate her eligibility for asylum based on her claim of past persecution, she was necessarily unable to meet the higher standard required to succeed on her claims for withholding of removal or relief under the CAT, to the extent that these claims rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir. 1991).

■ The IJ's finding that Chen failed to establish eligibility for relief based on a well-founded fear of persecution was also supported by the record. The IJ properly found that Chen's testimony that she intends to have more children was too speculative to establish a well-founded fear of persecution. *See, e.g., Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) ("In the absence of solid support in the record for [petitioner's] assertion that he will be subjected to forced sterilization, his fear is speculative at best."); *see also Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006). Because Chen only had one child at the time of her hearing before the IJ, she was not in violation of China's family planning policy and thus would not have been subjected to coercive population control methods. *Cf. Rui Ying Lin v. Gonzales,* 445 F.3d 127, 136 (2d Cir.2006) (finding that the IJ erred in dismissing as speculative the petitioner's fear of future sterilization where she "offered evidence that she had already had two children, that she planned to have more, that she had gone to great lengths to avoid being sterilized in China, and that she had removed her IUD after escaping to the United

---

2. Contrary to the Government's claim, Chen did not fail to exhaust her argument that the IJ erred by admitting the consular report. In her brief to the BIA, Chen argued the IJ erred by basing her adverse credibility determination on the consular report where the Government "did not submit the letter it received from the hospital," and by failing to explain why she did not address any of the arguments made in the memorandum submitted by her attorney. Thus, because Chen raised arguments regarding the submission of the consular report in her appeal to the BIA, she preserved this issue for review. Nevertheless, the IJ's admission of the consular report was appropriate, given that it "recit[es] those factual steps taken by the investigator that caused the investigator to reach his or her conclusion." *Zhen Nan Lin v. U.S. Dep't of Justice,* 459 F.3d 255, 270 (2d Cir.2006) (internal quotation marks omitted).

States"). Further, there was no solid evidence in the record to indicate whether, or when, she might have a second child. *Cf. id.*

■ Because evidence regarding the fact that Chen will be giving birth to a second child in December 2007 was not in the record before the BIA on appeal, we do not have jurisdiction over her argument that her case should be remanded on this basis. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 270 (2d Cir.2007); *see also* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based...").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.